UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:08CR566 CDP |
| | ) | |
| AARON WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on defendant Aaron Williams' pretrial motions. Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate Judge Thomas C. Mummert. Judge Mummert held a hearing on January 26, 2009, and thereafter filed his Report and Recommendation regarding the defendant's motions. Defendant Williams has filed objections to Judge Mummert's recommended rulings.

I have considered the motions *de novo*, including listening to the recording of the hearing before Judge Mummert (even though no evidence was adduced), reviewing fully the parties' arguments, and reviewing the law. I will overrule defendant's objections except on one point. I believe that under Supreme Court precedent, Williams does have standing to challenge the stop and subsequent search of the vehicle in which he was a passenger, and so I will hear evidence on

the motion to suppress. Otherwise, I will adopt and sustain the thorough reasoning of Magistrate Judge Mummert set forth in support of his recommended rulings issued on January 30, 2009.

Williams argues that Judge Mummert erred in ruling that he did not have standing to seek to suppress money that was seized from a bag in a car in which he was the passenger. I agree that under *Brendlin v. California*, 551 U.S. 249 (2007), Williams, as the passenger in the car, was seized, and therefore has authority to challenge the legality of the automobile stop. If the stop was unlawful, the money found in the bag would have to be suppressed. I do not believe that Williams has to assert that it was his bag to challenge the initial stop of the vehicle. This is a different situation than arose in the Eighth Circuit cases cited by the magistrate judge, in which defendants attempted to challenge seizures made from other people. Unlike things found directly on a person, as in those cases, the bag here was apparently in the automobile, and thus could have been in the possession of either or both occupants of the vehicle. I will therefore not adopt this portion of Judge Mummert's Report and Recommendation, and instead will hear evidence on this motion at the final pretrial hearing in this case.[1]

---

[1]The government set out its version of the facts of the stop in its brief opposing the motion, and if those facts are proven at the hearing, the motion to suppress will be denied. But defendant argued that he had some reason to challenge the government's assertion that law enforcement

Certain of Williams' motions are moot. He sought to suppress pretrial statements, but none were made. He sought severance and a separate trial, but because all co-defendants have either pleaded guilty or indicated their intention to do so, there is nothing to sever, and he will be the only defendant tried in this case. The other rulings entered by Judge Mummert are entirely correct, and require no further discussion.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [#97] is sustained in part.

**IT IS FURTHER ORDERED** that defendant's motion to sever [#72] is denied as moot, and his motions for early production of Jencks Act materials [#70] and for a bill of particulars [#75] are denied.

**IT IS FURTHER ORDERED** that the Court will conduct a final pretrial conference and a hearing on remaining motions (including any evidence to be presented on the motion to suppress) in this matter on **Friday, April 24, 2009 at 1:00 p.m.** Defendant's presence is required at this hearing.

**IT IS FURTHER ORDERED** that the Court will conduct a telephone conference with counsel only (defendant's participation is not required) on

---

officers had probable cause to stop the vehicle, and so an evidentiary hearing is necessary.

**Thursday, April 2, 2009 at 11:00 a.m.** to discuss scheduling issues related to the trial. The Court will place the call, and if counsel are not expected to be available at his or their normal telephone numbers, they should notify my office promptly of the numbers where they can be reached.

                                                    _____
                                                    CATHERINE D. PERRY
                                                    UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2009.